The Judicial Council

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 

 In the Matter of a Charge of Judicial

 Misconduct or Disability

 Judicial Council Complaint

 No. 98-8

---------

 March 24, 1998

 

 

 BEFORE: Edwards, Chief Judge of the Circuit.

 O R D E R

 Upon consideration of the complaint herein, filed against a 
judge of the United States District Court for the District of 
Columbia pursuant to the Judicial Councils Reform and Judi-
cial Conduct and Disability Act of 1980 and the Rules of the 
Judicial Council for the District of Columbia Circuit Govern-
ing Complaints of Judicial Misconduct or Disability, it is

 ORDERED, for the reasons stated in the attached Opinion, 
that the complaint be dismissed as not in conformity with 28 
U.S.C. s 372(c)(1) (1994).

 The Clerk is directed to send copies of this Order and 
accompanying Opinion to complainants and the subject judge. 
See 28 U.S.C. s 372(c)(3) (1994); D.C. Cir. Jud. Misconduct R. 
4(f)(1).

 ____________________________

 Harry T. Edwards, Chief Judge

District of Columbia Circuit 



 The Judicial Council

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 

 In the Matter of a Charge of Judicial

 Misconduct or Disability

 Judicial Council Complaint

 No. 98-8

---------

 March 24, 1998

 

 

 BEFORE: Edwards, Chief Judge of the Circuit.

 Edwards, Chief Judge: Complainants allege that a United 
States District Judge has engaged in conduct prejudicial to 
the effective and expeditious administration of the business of 
the courts. The bulk of the complaint concerns allegations of 
misconduct by Independent Counsel Kenneth Starr and Lin-
da Tripp--parties whose conduct clearly is not subject to 
review in this forum. See 28 U.S.C. s 372(c)(1) (1994) (pro-
viding only for complaints against circuit, district, bankruptcy 
or magistrate judges); 28 U.S.C. ss 595 and 596 (1994) 
(providing for oversight of independent counsels by Congress 
and the Attorney General). However, the complaint also 
asserts, without any factual support whatsoever, that the 
subject judge authorized wiretaps and/or electronic surveil-
lance without sufficient evidentiary basis. See Complaint 
98-8 at p 8. That allegation does not provide any grounds for 
action against the subject judge.

 Even assuming, arguendo, that wiretap or other electronic 
surveillance was authorized by the subject judge, any claim 
that the subject judge authorized such surveillance without 


sufficient evidentiary basis is merely an assertion that a 
ruling of the subject judge was legally erroneous. A judicial 
misconduct proceeding, however, is not an appropriate avenue 
by which to challenge the propriety of a judicial decision. See 
28 U.S.C. s 372(c)(3)(A)(ii) (1994) (providing for dismissal of 
complaint that is "directly related to the merits of a decision 
or procedural ruling"); D.C. Cir. Jud. Misconduct R. 1(e) 
("The complaint procedure is not intended to provide a means 
of obtaining review of a judge's decision or ruling in a case.").

 Accordingly, even if there were some factual basis to 
support the claim that the subject judge authorized wiretaps 
or electronic surveillance without proper evidentiary basis, 
the complaint nonetheless must be dismissed as not in con-
formity with 28 U.S.C. s 372(c)(1).1

 

 1. Pursuant to 28 U.S.C. s 372(c)(10) (1994) and D.C. Cir. Jud.
Misconduct R. 5, complainant may file a petition for review by the
Judicial Council for the District of Columbia Circuit. Any petition
must be filed in the Office of the Clerk of the Court of Appeals
within 30 days of the date of the Clerk's letter transmitting the 
dismissal Order and this Memorandum. See id. R. 6(a).